IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00780-PAB

MARAT SALAKHOV,

     Petitioner,

v.

JUAN BALTASAR, Warden of Denver Contract Detention Facility, et al.,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Marat Salakhov's Petition for Writ of Habeas Corpus [Docket No.1]. Respondents filed a response. Docket No. 7. Petitioner filed a reply. Docket No. 8.

## I.    BACKGROUND

Petitioner is a citizen of Russia. Docket No. 1 at 9, ¶ 36. On September 28, 2021, he entered the United States on a B-2 visa. *Id.*, ¶ 37. On September 27, 2022, fearing to return to Russia, petitioner applied for asylum with the United States Citizenship and Immigration Services ("USCIS"). *Id.*, ¶ 38. On February 24, 2026, Immigration and Customs Enforcement ("ICE") detained petitioner while he was driving near Cheyenne, Wyoming. *Id.* at 9-10, ¶ 39. Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 10, ¶ 40.

On February 25, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See generally id.* Petitioner brings a claim for violation of

his Fifth Amendment Right to Due Process (Count I) and a claim for Violation of Bond Regulations and Unlawful Denial of Release on Bond (Count II).  Docket No. 1 at 10-13. Petitioner seeks a declaration that his detention violates the Fifth Amendment, a Writ of Habeas Corpus ordering respondents to release petitioner, an order that he is not to be transferred outside the District of Colorado, and attorney's fees.  *Id.* at 13.

## II.    ANALYSIS

### A.  Count One: *Zadvydas* Claim

In Count One, petitioner alleges that his detention violates his Fifth Amendment right to Due Process, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Docket No. 1 at 10, ¶¶ 44-45.  In *Zadvydas*, the Supreme Court held that a noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained without violating the Fifth Amendment of the United States Constitution.  *See* 533 U.S. at 701.  *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*

As of the date of this Court's order, petitioner has been detained for 22 days. While "multiple district courts have found that the six-month presumption in *Zadvydas* is rebuttable," petitioner must nonetheless demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future.  *See Vijdani v. Mattos*, 2026 WL 560209, at *4 (D. Nev. Feb. 27, 2026).  Petitioner has provided no allegations showing that his removal is not significantly likely.  *See generally* Docket No. 1. Petitioner alleges that he applied for asylum on September 27, 2022, fearing his return

2

to Russia, but provides no information as to whether asylum was granted. *See id.* at 9, ¶ 38. Petitioner does not allege that he was granted a withholding of removal to Russia and, even if he was, why it is not significantly likely that he could be deported to a third country.

Moreover, it is unlikely that *Zadvydas* is applicable here as there are no allegations as to whether petitioner has a final order of removal. "The due process analysis in *Zadvydas* applies to aliens with final orders of removal." *Gomez v. United States Immigr. & Custom Enf't*, 2026 WL 63933, at *3 (D.N.M. Jan. 8, 2026). In fact, in asserting that his purported detention under 8 U.S.C. § 1225 is unlawful, *see* Docket No. 1 at 13, ¶¶ 54-55, petitioner suggests that he does not have a final order of removal because § 1225 pertains to noncitizens who are undergoing removal proceedings. *See Gomez*, 2026 WL 63933, at *3 ("*Zadvydas* does not apply to aliens like Petitioner – detained under 8 U.S.C. § 1225(b)(2)(A) during removal proceedings.").

Accordingly, the Court finds that petitioner has failed to carry his burden under *Zadvydas* and will deny relief on Count I.

## B.  Unlawful Denial of Release on Bond Claim

The Immigration and Nationality Act ("INA") "contemplates two detention regimes for noncitizens pending removal proceedings," one controlled by § 1225 and one controlled by § 1226. *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). Section 1225 mandates detention pending removal proceedings, providing that, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). Unless

certain exceptions are present, as provided for in §§ 1225(b)(2)(B) and (C), § 1225 "mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez*, 2025 WL 2996643, at *3. Section 1226, on the other hand, does not mandate detention, providing that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under § 1226(a)(2), the Attorney General has the discretion to release a noncitizen on bond while removal proceedings are pending. 8 U.S.C. § 1226(a)(2). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

In Count Two, petitioner claims that he is being unlawfully detained pursuant to § 1225(b)(2). *See* Docket No. 1 at 13, ¶¶ 54-55. Petitioner contends that, instead, he should be detained under § 1226(a) as someone who has been living in the country for over four years. *See id.* at 11-12, ¶¶ 49-50. Thus, petitioner argues that he is eligible for a bond hearing before an immigration judge. *See id.* at 12-13, ¶ 53. Respondents concede that petitioner is being detained under § 1226(a), but contend that petitioner is not entitled to relief given that he has not requested a bond hearing. Docket No. 7 at 1, 4. Respondents contend that petitioner "is eligible for a bond hearing," such that he "may request a bond hearing, and one will be scheduled for him." *Id.* at 4. Respondents attach the declaration of ICE Deportation Officer John Mansur, who states that petitioner is not being detained under 8 U.S.C. § 1225(b)(2)(A), but is rather being detained "pursuant to 8 U.S.C. § 1226(a) and is eligible to seek custody redetermination before the Immigration Judge." Docket No. 7-1 at 3-4, ¶¶ 8-9. Mr. Mansur states that

petitioner can file a motion for a custody redetermination hearing with the Executive Office for Immigration Review ("EOIR") and EOIR will schedule the hearing. *Id.* at 4, ¶ 9.

Petitioner does not contest that he has failed to request a bond hearing or that he is being detained pursuant to § 1226 and thus has the ability to request a bond hearing. *See generally* Docket No. 8. Given that there is no basis for Count II at this time, the Court will deny relief for petitioner on Count II. The Court will therefore deny petitioner's habeas petition without prejudice.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Marat Salakhov's Petition for Writ of Habeas Corpus [Docket No.1] is **DENIED without prejudice**.

DATED March 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

5